

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-14-00134-CR

CHRISTOPHER LEE EVANS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 115th District Court
Upshur County, Texas
Trial Court No. 16,724

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

# MEMORANDUM OPINION

On April 29, 2014, Christopher Lee Evans pled guilty to burglary of a habitation[1] and was placed on deferred adjudication community supervision for a period of seven years. On June 17, 2014, the State filed an amended petition to adjudicate alleging ten violations of the terms of deferred adjudication. Evans entered a plea of "true" to each of the ten violations alleged by the State. After a hearing, the trial court adjudicated Evans guilty and sentenced him to twenty years' confinement.[2]

Evans' attorney on appeal has filed a brief which discusses the record and reviews the trial court proceedings in detail. The brief sets out the procedural history and summarizes the evidence elicited during the course of the proceedings. Meeting the requirements of *Anders v. California*, counsel has provided a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced on appeal. *Anders v. California*, 386 U.S. 738, 743–44 (1967); *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008) (orig. proceeding); *Stafford v. State*, 813 S.W.2d 503, 509–10 (Tex. Crim. App. 1981); *High v. State*, 573 S.W.2d 807, 812–13 (Tex. Crim. App. [Panel Op.] 1978).

Counsel mailed a copy of the brief and the record to Evans on September 30, 2014, informing Evans of his right to file a pro se response and of his right to review the record.

---

[1]*See* TEX. PENAL CODE ANN. § 30.02 (West 2011).

[2]The judgment adjudicating guilt indicates that Evans pled "not true" to the motion to adjudicate. However, the record makes clear that Evans pled true to each of the violations alleged by the State. Accordingly, we modify the judgment to reflect Evans' plea of true to each of the allegations in the motion to adjudicate. *See French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992) (appellate court has authority to modify judgment to make record speak truth when matter has been called to court's attention by any source); *see also* TEX. R. APP. P. 43.2.

Counsel has also filed a motion with this Court seeking to withdraw as counsel in this appeal. Evans has been provided ample time in which to file a pro se response, but has failed to do so.

We have determined that this appeal is wholly frivolous. We have independently reviewed the clerk's record and the reporter's record and find no genuinely arguable appellate issue. *See Halbert v. Michigan*, 545 U.S. 605, 623 (2005). We, therefore, agree with counsel's assessment that no arguable issues support an appeal. *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

In a frivolous appeal situation, we are to determine whether the appeal is without merit and is frivolous, and if so, the appeal must be dismissed or affirmed. *See Anders*, 386 U.S. 738.

As modified, we affirm the judgment of the trial court.[3]


Bailey Moseley
Justice


Date Submitted:     March 3, 2015
Date Decided:       March 17, 2015

Do Not Publish

---

[3]Since we agree this case presents no reversible error, we also, in accord with *Anders*, grant counsel's request to withdraw from further representation of appellant in this case. *Anders*, 386 U.S. at 744. No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, appellant must either retain an attorney to file a petition for discretionary review or appellant must file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from either the date of this opinion or the date on which the last timely motion for rehearing or for en banc reconsideration was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4.